UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**RONNIE DORSEY  (#421853)**  CIVIL ACTION NO. 3:16-CV-1065

**VS.**  SECTION P

  JUDGE ROBERT G. JAMES

**DARRELL VANNOY**  MAGISTRATE JUDGE HAYES

**REPORT AND RECOMMENDATION**

Pro se petitioner Ronnie Dorsey, Sr. (DOC #421843) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 18, 2016. [Rec. Doc. 1] On October 5, 2106, the undersigned issued an order to strike for failure of petitioner to pay filing fee or submit an application to proceed in forma pauperis, which was vacated on November 15, 2016, reopening the matter on that date. [Rec. Doc. 7 & 8]

Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving the life sentence imposed following his January 23, 2000, conviction for second degree murder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

**Procedural History**

Petitioner was charged by grand jury indictment with first degree murder of his wife, in violation of La. R.S. 14.30. Formal arraignment to this indictment was held in open court on September 1, 1999, and through retained counsel, he pled not guilty. [Rec. Doc. 1-2, p. 1]   On January 10, 2000, before the case was called for trial, the charge was amended to second degree murder, violation of La. R.S. 14:30.1.  *Id.*  On January 23, 2000, the jury returned a unanimous

verdict of guilty as charged to second degree murder. *Id.* He was sentenced on April 26, 2000, to the mandatory term of imprisonment at hard labor for the remainder of his life, without the benefit of parole, probation or suspension of sentence. *Id.* at 2.

A direct appeal in the Second Circuit was filed on his behalf on or about April 4, 2001, bearing Docket Number 34,977-KA, raising the following arguments: (1) the State failed to present sufficient evidence to support the verdict, a conviction of second degree murder; and (2) the trial court erred by allowing Dr. Teri O'Neil to be qualified as an expert, offering testimony on the amount of blood loss and the victim's ability to survive. [Rec. Doc. 5, pp. 2-16]  A Supplemental Brief was filed by petitioner, raising arguments related to the following: (1) patent error was committed when the court denied motion to quash the indictment, without holding a hearing, concerning the racially discriminatory system of selecting Ouachita Parish Grand Jury forepersons, violating petitioner's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments; and (2) Mr. Dorsey's conviction is constitutionally invalid due to the trial courts' failure to make an independent "judicial" determination of his capacity to proceed, his insanity at the time of the offense and the court's failure to follow the due process procedural safe guards for determining competency to proceed as set forth in La. C.Cr.P. Art. 641, et seq.  [Rec. Doc. 5, pp. 17-28]  The Second Circuit affirmed the trial court's ruling on September 26, 2001. [Rec. Doc. 5, pp. 29-46]  Petitioner applied for writs to the Louisiana Supreme Court on October 25, 2001, Docket Number 2001-KO-2963 [Rec. Doc. 5, pp. 47-61]; same was denied on August 30, 2002. *State v. Dorsey*, 2001-2876 (La. 2002); 823 So.2d 941.  On an unknown date, he filed a motion for reconsideration, which was denied on October 14, 2002. *State v. Dorsey*, 2001-2963 (La. 2002), 827 So.2d 414; Rec. Doc. 5, pp. 62-63.  Petitioner applied again for reconsideration in the Louisiana Supreme Court on an

unknown date [Rec. Doc 5, pp. 64-83] ; this application was denied on January 29, 2003. [Rec. Doc. 5, pp. 84-85]. Petitioner did not seek further direct review in the United States Supreme Court. [Rec. Doc. 1, p. 3, ¶9(h)].

On April 21, 2003, Petitioner filed Motion for New Trial and Motion to Recuse Trial judge, which the 4th Judicial District Court interpreted as an application for post-conviction relief. [Rec. Doc. 5, pp. 86-111] On September 18, 2003, the trial court denied and dismissed one of petitioner's claims and ordered the state to answer the remaining claims.  On October 23, 2003, after receiving the state's response on October 6, 2003, the trial court issued a supplemental ruling, denying the remaining claims. [Rec. Doc., 8, pp. 97-98] The petitioner did not seek writs.

On November 4, 2003, in Docket Number 99-F1214, petitioner filed another application for post-conviction relief, which was denied by the trial court on November 25, 2003.  [Rec. Doc. 5, pp. 112-114] Although several motions followed, Petitioner did not file an Application for Supervisory Writ in the Second Circuit Court of Appeals until February 19, 2008, bearing Docket Number 43428-KH [Rec. Doc. 5-1, pp. 36- 40].  The Second Circuit denied same as untimely on March 20, 2008. [Rec. Doc. 5-1, pp. 41-42] Petitioner applied for Supervisory Writs in the Louisiana Supreme Court, Docket Number 2008-KH-1433. [Rec. Doc. 5-1, pp. 43-44]  The Supreme Court denied his application on April 3, 2009, as untimely.  *State ex rel. Dorsey v. State* 2008-1433 (La. 2009), 6 So.3d 761; Rec. Doc. 5-1, pp. 43-44.  Petitioner sought writs in the Louisiana Supreme Court again on unknown claims, on an unknown date; same was denied on June 1, 2015.   *State ex rel. Dorsey v. State* 2014-1969 (La. 2015), 171 So.3d 270**.**

The instant petition for writ of habeas corpus was filed on July 18, 2016, raising the following claims: (1) the state failed to present sufficient evidence to support the verdict for a

3

conviction of second degree murder; (2) the trail court erred by allowing Dr. Teri O'Neil to be qualified as an expert, offering testimony on the amount of blood loss and the victim's ability to survive; (3) denial of review pursuant to *Martinez v. Ryan*, 566 U.S.__, __ S.Ct.__, WL 912950 (3/20/12); (4) direct bill of information; (5) discriminatory selection of grand jury foreperson; and (6) competency to stand trial and insanity at the time of the offense. Petitioner's memorandum also makes reference to "defaulted ineffective assistance of counsel claims." [Rec. Doc. 1-2, pp. 14-19]

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court;[1] whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[2] and/or whether any of the claims raised are subject to the procedural default doctrine.[3]

---

[1] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
\*   \*   \*
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[3] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the

**Law and Analysis**

*1. Limitations*

The instant petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

Petitioner did not seek further direct review in the United States Supreme Court [Doc. 5, ¶9(h). Therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days later or, on or about April 29, 2003, when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of

---

default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

[4] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

*certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999)(*citing Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)). The limitations period is tolled <u>only for as long as the state application remains pending in the state's courts</u>. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007) (emphasis added). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's first application for post-conviction relief was filed timely and ultimately denied by the trial court on October 23, 2003. Petitioner did not seek writs, rather, he filed a second application for post-conviction relief in the trial court on November 4, 2003. This application was denied by the trial court on November 25, 3003, and again, petitioner did not seek writs. Accordingly, at the very latest, the AEDPA "clock" began to run, on December 25, 2003. Accordingly, petitioner had until December 25, 2004 to file his federal *habeas corpus* petition.

While petitioner did make numerous filings from January 2005 through 2015, these were untimely and therefore were not properly pending before the state courts. He allowed approximately eight (8) years to elapse between the date the trial court denied his last properly filed application for post-conviction relief (November 25, 2003) and the date he filed the instant petition (July 18, 2016). In other words, the petition is clearly time-barred since approximately 8 years elapsed between the date the post-conviction proceedings were terminated and the date he filed his federal *habeas* petition.

### *3. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

Here, petitioner has alleged no circumstances to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied).  The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING

ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In chambers in Monroe, Louisiana, this 1st day of March, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE